IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**TAMMY SOWELL,**

        **Petitioner,**

v.                                           **Case No.: 1:23-cv-00143**

**WARDEN G. RYLE,**
**FPC ALDERSON,**

        **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Petitioner, Tammy Sowell, filed a § 2241 petition for writ of habeas corpus, requesting the application of her time credits earned under the First Step Act. (ECF No. 1). Pending before the Court is Respondent's motion to dismiss, contained in its Response. (ECF No. 5). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 5), be **GRANTED**; Sowell's petition, (ECF No. 1), be **DENIED**; and this matter be **DISMISSED** and removed from the docket of the court.

**I.**     **Relevant History**

Sowell filed the instant § 2241 petition on February 16, 2023, while incarcerated at Federal Prison Camp ("FPC") Alderson. (ECF No. 1 at 1, 8). In her petition, Sowell asserted that the Federal Bureau of Prisons ("BOP") had applied most, but not all, of

1

her earned time credits under the First Step Act ("FSA"), and she requested the Court award her the remaining 35 days' worth of time credits that had not yet been applied. (*Id.* at 6–7). Sowell attached to her petition some documents related to the exhaustion of administrative remedies, including (1) a sign stating "Open House is cancelled for FSA questions until further clarification has been received" and (2) two emails Sowell sent to different prison staff members stating that she had been denied administrative remedy forms. (ECF No. 1-1). On February 24, 2023, the undersigned entered a Show Cause Order directing Respondent to show cause why Sowell should not be granted the relief requested. (ECF No. 4). Respondent filed a Response on April 17, 2023, explaining that Sowell was mistaken about the total number of earned time credits she had accrued and that her time credits had been correctly applied. (ECF No. 5). Respondent asked that the petition be denied and the proceeding be dismissed. Respondent attached (1) a declaration by a BOP paralegal, explaining the calculation of Sowell's earned time credits and stating that all her earned time credits had been applied, and (2) Sowell's Sentence Monitoring Computation Data. (ECF No. 5-1). On April 19, 2023, the undersigned entered an Order giving Sowell sixty days to reply to Respondent's assertions and request for dismissal. (ECF No. 6). By that time, Sowell had been transferred to the prerelease custody of the Residential Reentry Management Field Office in Raleigh, North Carolina. Sowell did not file a reply. She was released from BOP custody on May 3, 2023. *See* Federal Bureau of Prisons, Inmate Locator, www.bop.gov/inmateloc/.

## II.  **Standard of Review**

Respondent included a motion to dismiss within the Response to Show Cause Order. (ECF No. 5 at 1). Therefore, the motion will be construed as a motion for

judgment on the pleadings. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *See Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022); *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md., May 9, 2018). When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations in the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, a court may consider "matters of public record" including documents from prior or pending court proceedings, id., and "documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship*, 471 F.3d at 526 n.1).

### III.   Discussion

Sowell's petition requested the application of her earned FSA time credits. (ECF No. 1). Sowell was subsequently released from custody, which renders her petition moot. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007). Article III allows

3

federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). Consequently, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). Put simply, "[a] claim may be mooted 'when the claimant receives the relief he or she sought to obtain through the claim,' because the court no longer 'has [ ] effective relief to offer.'" *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)). Because Sowell has already been released from custody, her habeas petition no longer presents a justiciable controversy. Even assuming Sowell overserved the custodial portion of her sentence due to the BOP's delay in applying of her credits, and further assuming she has a term of supervised release remaining, this Court still cannot provide her with meaningful relief. A term of supervised release cannot be reduced by excess time served in prison; therefore, there is nothing to be gained through the habeas petition. *See Jones v. Bolster,* 850 Fed. Appx. 839 (4th Cir. 2021) (citing *United States v. Jackson,* 952 F.3d 492, 498 (4th Cir. 2020)).

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

4

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, (1975)).

Neither exception applies in this instance. Sowell does not challenge her conviction or sentence; rather, she claims that she was deprived of FSA credits due to the BOP's wrongful withholding of those credits. Where a petitioner elects only to challenge the execution of her sentence and not the validity of the conviction or sentence, collateral consequences are irrelevant. *Lane v. Williams,* 455 U.S. 624, 631, (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable probability that Sowell will be returned to federal custody and face the same alleged wrong. Mere speculation is not sufficient to meet this exception. *Herrera v. Finan,* 709 Fed. Appx. 741, 745-46 (4th Cir. 2017) (citing *City News & Novelty, Inc. v. City of Waukesha,* 531 U.S. 278, 283 (2001)); *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir. 1996). Therefore, the undersigned **FINDS** that (1) Sowell's release from custody renders her habeas petition

moot and (2) no exception to the mootness doctrine applies in this case.

### IV.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 5), be **GRANTED**; Sowell's petition, (ECF No. 1), be **DENIED**; and that this civil action be **DISMISSED** and removed from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: September 21, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge